10-2291-ag
Guang Ti Ye v. Holder

BIA
Chew, IJ
A099 927 013

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12ᵗʰ day of October, two thousand eleven.

PRESENT:
>        REENA RAGGI,
>        PETER W. HALL,
>        RAYMOND J. LOHIER, JR.,
>            *Circuit Judges.*

_____

GUANG TI YE,
>        *Petitioner,*

>        v.                                          10-2291-ag
>                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Dehai Zhang, Flushing, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Melissa K. Lott, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Guang Ti Ye, a native and citizen of the People's Republic of China, seeks review of a May 26, 2010, order of the BIA affirming the June 4, 2008, decision of Immigration Judge ("IJ") George T. Chew, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guang Ti Ye*, No. A099 927 013 (B.I.A. May 26, 2010), *aff'g* No. A099 927 013 (Immig. Ct. N.Y. City June 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I.   Violation of China's Family Planning Policy

As an initial matter, the BIA's application of *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.

2

2007) (*en banc*), and *Matter of J-S-*, 24 I. & N. Dec. 520 (A.G. 2008), was not error because the BIA was bound to apply the law in effect at the time it entered its decision. *See NLRB v. Coca-Cola Bottling Co. of Buffalo, Inc.*, 55 F.3d 74, 78 (2d Cir. 1995) ("Appellate courts ordinarily apply the law in effect at the time of the appellate decision."). Moreover, Ye had the opportunity to present his claim after the issuance of *Shi Liang Lin* because his merits hearing did not occur until the following year. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (holding that "[t]o establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims" (internal quotation marks omitted)).

The BIA reasonably concluded that Ye failed to demonstrate past persecution or a well-founded fear of future persecution. Although Ye claimed that he suffered past persecution, he did not allege that he was physically harmed or mistreated by family planning officials. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 340-41 (2d Cir. 2006) (holding that to constitute persecution, the harm must be sufficiently severe, rising above "mere harassment"). Furthermore, as the BIA concluded, Ye was not eligible for relief based on his wife's forced abortion.

3

*See Shi Liang Lin*, 494 F.3d at 307-08; *see also Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir. 2007). Moreover, as the agency noted, Ye failed to present any evidence demonstrating that he suffered a substantial economic disadvantage based on the destruction of his furniture. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 69-70 (2d Cir. 2002); *see also In re T-Z-*, 24 I. & N. Dec. 163, 171-75 (B.I.A. 2007).

The agency also reasonably concluded that Ye failed to establish a well-founded fear of future persecution because his only support for that claim was his testimony that he wanted to have more children. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (holding that, absent "solid support in the record" for the petitioner's assertion that he would be subjected to persecution, his fear was "speculative at best").

## II. Membership in the Chinese Democracy Party ("CDP")

The IJ did not abuse his discretion in refusing to grant a continuance for Ye to obtain additional evidence in support of his CDP claim. *See Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006) (noting that IJs have "broad discretion" and "are accorded wide latitude in calendar management"). The IJ accepted all evidence and testimony Ye

4

presented at his hearing and he was not required to afford Ye additional time to develop his claim.  *See id.* at 552 (concluding that there was no abuse of discretion where alien was not eligible for relief at the time of the hearing and that alien had "no right to yet another delay . . . so that he could attempt to become eligible for such relief").  Moreover, the agency reasonably determined that Ye failed to establish a well-founded fear of future persecution based on his CDP membership, as he did not present any evidence that Chinese officials were aware or likely to become aware of his new membership in the CDP or his participation in one CDP demonstration.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities.").

Because Ye was unable to establish his eligibility for asylum, he was necessarily unable to establish his eligibility for withholding of removal based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).  We do not address Ye's CAT claim as it

5

is not addressed in his brief and was not raised before the BIA.  *See Gui Yin Liu v. INS*, 508 F.3d at 723 n.6.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk